# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| MICHAEL L. SCHIDLER, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:08-CV-328 JVB |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Michael L. Schidler, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging four convictions in Tippecanoe County for child molestation. On direct appeal, Schidler argued that the trial court had improperly imposed consecutive sentences for all four convictions. The Indiana Court of Appeals agreed, and remanded Schidler's case for entry of an amended sentencing order. (Return, Ex. C; *Schidler v. State*, Cause No. 79A04-0609-PC-485, slip op. 2-4, (Ind. Ct. App. Jan.18, 2007)). On re-sentencing, the trial court reduced the length of Schidler's sentence from 120 years to sixty years. (Petition at 1).

On April 19, 2007, Schidler filed a *pro se* petition for post-conviction relief alleging ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and the imposition of consecutive sentences violated due process. (Amended App. Vol. 1, 11-19). On July 23, 2007, Schidler's petition for post-conviction relief was denied. (Amended App. Vol. 1, 44-48). On April 30, 2008, the Indiana Court of Appeals affirmed the denial of the post-conviction relief. (Return, Ex. H, *Schidler v. State*, Memorandum Opinion, Cause No. 79A05-0708-PC-439 (Ind. Ct. App. 2008)). Schidler sought transfer to the Indiana Supreme Court, which was denied on June 19, 2008. (Return, Ex. D).

In a habeas corpus proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct" unless the petitioner is able to rebut that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In evaluating a legal determination made by a State court, the:

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted).

> For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by this Court refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision. We look for the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.

*Yarborough v. Alvarado*, 541 U.S. 652, 660-661 (2004) (quotation marks and citations omitted). Furthermore, the United States Supreme Court has made clear that district courts should not independently decide the merits of the petitioner's legal arguments.

> As we have explained, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.

*Price v. Vincent*, 538 U.S. 634, 641 (2003) (quotation marks, citations and brackets omitted).

In his petition for writ of habeas corpus, Schidler asserts that his trial counsel rendered ineffective assistance because he failed to inform Schidler of a favorable plea offer, failed to

2

effectively argue mitigating circumstances, and failed to conduct an adequate investigation and interview potential witnesses. (Petition, ¶ 12). In order to establish an ineffective assistance of counsel claim, a petitioner must establish that his counsel's performance fell below an objective standard of reasonableness, and this deficiency actually caused prejudice. *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). To support a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient, and absent the deficient performance, there exists a reasonable probability of a different outcome.

To satisfy the first prong of the *Strickland* test, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In considering counsel's performance, a "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* at 689.

To satisfy the second prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Bell v. Cone*, 535 U.S. 685, 702 (2002) (to support a claim of ineffective assistance of counsel on habeas review, a petitioner must show that the state court's application of *Strickland's* attorney-performance standard was objectively unreasonable). Because Schidler's convictions were entered upon his pleas of guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

3

Schidler's first ground is that trial counsel failed to inform him of a "more favorable plea agreement." (Petition, ¶ 12). During post-conviction proceedings, Schidler's trial counsel, Timothy Broden, submitted an affidavit in which he stated that he did not recall ever having received a more favorable offer from the state (Amended App. Vol. 1, 32), and the trial court found that Mr. Broden did not render ineffective assistance by failing to communicate any other plea bargain to Schidler. (Amended App. Vol. 1, 44).

The Indiana Court of Appeals found that Schidler did "not provide citations to the record demonstrating the existence of another plea agreement, nor does he support that argument with cogent reasoning. Thus, Schidler has waived the issue for review. *See* App. R. 46(A)(8)(a)." (Return, Ex. H at 3) (footnote omitted). Accordingly, this claim of ineffective assistance of counsel is barred by the doctrine of procedural default because the Indiana Court of Appeals found Schidler had waived it under the Indiana Rules of Appellate Procedure. The Indiana Court of Appeals's express finding of a state procedural bar constitutes an independent and adequate state law ground barring habeas review. *See Harris v. Reed*, 489 U.S. 255, 263-65 (1989).

The petitioner's second ground is that his trial counsel failed to argue mitigating circumstances. In his post-conviction proceedings, Schidler asserted that his trial counsel was ineffective because he did not argue Schidler's "excellent" employment record as a mitigating circumstance. (Return, Ex. F at 4). On appeal from the denial of his petition for post-conviction relief, the Indiana Court of Appeals held that "[b]ut again, Schidler does not provide cogent reasoning or citations to the record or relevant law to support that argument. Thus, he has waived the argument for review. *See* App. R. 46(A)(8)(a)." (Return, Ex. H at 3). Like ground one, this claim of ineffective assistance of counsel is barred by procedural default because the Indiana Court of

4

Appeals made an express finding of a state procedural bar that constitutes an independent and adequate state law ground barring habeas review. *See Harris*, 489 U.S. at 263-65.

Finally, Schidler argues in ground three of his petition that his trial "counsel was ineffective when he failed to adequately investigate and interview [witnesses]." (Petition at 6). During post-conviction review, Schidler asserted that his attorney failed to become aware of hospital test results that were "negative" regarding vaginal penetration of the victim, and that had trial counsel been aware of these test results, he would not have counseled Schidler to plead guilty. (Return, Ex. F at 4, Ex. H at 3). Schidler also argued in his post-conviction proceedings that his trial counsel failed to interview Lora Rossiter as a witness. (Return, Ex. F at 5, Ex. H at 4).

The Indiana Court of Appeals correctly observed that the test reports do not establish that Schidler did not penetrate the victims' vaginas. (Return, Ex. H at 3-4). Accordingly, trial counsel could not have advised Schidler that no penetration occurred based on these tests. The Indiana Court of Appeals correctly concluded that Schidler failed to show how trial counsel rendered ineffective assistance or that any prejudice resulted from trial counsel's alleged failure to investigate the evidence.

Regarding Schidler's allegation that trial counsel failed to interview Lora Rossiter, the evidence was directly in conflict. In his affidavit, Mr. Broden stated that he interviewed Ms. Rossiter and determined that her testimony would not be helpful. (Amended App. Vol. 1, p. 33). Schidler submitted Ms. Rossiter's affidavit stating that Mr. Broden never spoke with her at any time (Amended App. Vol. 1 at 56). The Indiana Court of Appeals concluded that Ms. Rossiter's affidavit contained no hint of what her testimony would have been, if called as a witness, so even if Mr. Broden did not interview Ms. Rossiter, the petitioner was not entitled to relief. The Indiana Court

of Appeals reasonably concluded that Schidler failed to show how the alleged failure to interview Ms. Rossiter prejudiced him.

> But counsel's failure to interview or depose witnesses does not, standing alone, show deficient performance. *Williams v. State*, 771 N.E.2d 70, 74 (Ind. 2002). "The question is what additional information may have been gained from further investigation and how the absence of that information prejudiced his case." *Id.* Schidler does not state what information his trial counsel would have gained by interviewing Ms. Rossiter, if he had not, in fact, interviewed her before trial. Nor does Schidler state how the alleged failure to interview Ms. Rossiter prejudiced his case. This, Schidler's contention that his trial counsel was ineffective for failing to interview Ms. Rossiter is also without merit.

(Return, Ex. H at 4).

The petitioner failed to establish ineffective assistance of trial counsel because he failed to establish a reasonable probability that, but for trial counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 59. The Indiana Court of Appeals cited *Strickland* in its opinion, and reasonably applied *Strickland* to the petitioner's allegations and rejected them. Therefore, they are without merit on habeas review pursuant to 28 U.S.C. § 2254(d).

For the foregoing reasons, the court **DENIES** this petition for writ of habeas corpus.

SO ORDERED on July 9, 2009.

                                                                  s /Joseph S. Van Bokkelen
                                                                   JOSEPH S. VAN BOKKELEN
                                                                   UNITED STATES DISTRICT JUDGE
                                                                   HAMMOND DIVISION